**UNITED STATES of America**

v.

**Jeffrey B. DOLAN.**

**No. CR–1–88–57.**

United States District Court,
E.D. Tennessee, S.D.

Nov. 22, 1988.

John W. Gill, Jr., U.S. Atty., Steven Cook, Asst. U.S. Atty., Chattanooga, Tenn., for plaintiff.

W. Thomas Dillard, Ritchie, Fels & Dillard, Knoxville, Tenn., for defendant.

## MEMORANDUM AND ORDER

EDGAR, District Judge.

This case is before the Court on the motion of defendant Jeffrey B. Dolan ("Dolan") to clarify burden of proof and standard of proof.

Defendant Dolan has pleaded guilty to two counts of distributing cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). He is to be sentenced under guidelines ("Guidelines") established by the United States Sentencing Commission pursuant to the Comprehensive Crime Control Act of 1984. The United States Probation Office has prepared a presentence report ("PSI"). Under this Court's local rules, both the defendant and the Government have objected to portions of the PSI.

The objections have raised two disputes:

1. The PSI added two "levels" to Dolan's guidelines score because Dolan was a "manager" in this offense pursuant to § 3B1.1(c) of the Guidelines. Dolan objects to this determination.

2. The PSI reduced Dolan's Guidelines score by two "levels" because he has accepted responsibility within the meaning of § 3E1.1 of the Guidelines. The Government has objected to this determination.

This Court will hold a hearing on these disputed issues in accordance with Rule 32(c)(3) of the Federal Rules of Criminal Procedure and § 6A1.3 of the Guidelines. Defendant Dolan's motion raises the issues of (a) who carries the burden of proof at

this hearing, and (b) what is the standard of proof.

### (a) *Who bears the burden?*

Heretofore, courts have heard proof and found facts on sentencing matters without a prescribed burden of proof. *McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2419, 91 L.Ed.2d (1986). However, the advent of the Guidelines and the newly authorized appeals [1] from sentences imposed by United States District Courts make it necessary to have uniform burdens of proof and standards of proof to insure fairness and allow intelligible review on appeal.

In recent cases decided under pre-guidelines sentencing procedures pursuant to Rule 32, Federal Rules of Criminal Procedure, courts have concluded that the Government bore the burden of persuasion on all matters disputed in PSI's where those matters were relied upon by the sentencing judge. *United States v. Restrepo*, 832 F.2d 146, 149 (11th Cir.1987); *United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987).

■ The Government here concedes that it should bear the burden to show that the defendant's sentence should be *increased*. Thus, the Government concedes that it should have the burden to show in this case that the defendant's sentence should be enhanced because of his role in the offense. However, the Government contends that

the defendant should bear the burden of showing that his sentence should be *reduced* (as, for example, in this case where the defendant contends that he has accepted responsibility). To do otherwise, says the Government, would subject it to the difficulty of proving a negative where the defendant holds the key to relevant information. *Cf. United States v. Lee*, 818 F.2d at 1056–57.

The Government's contentions have considerable appeal. However, it is clear that whatever determination the Court makes with respect to either of the disputed matters in the PSI, that determination will have the effect of either increasing or reducing the Guidelines applicable to defendant Dolan. This is not essentially different from the situation which existed prior to promulgation of the Guidelines. Moreover, with respect to the "acceptance of responsibility" issue, the commentary to the Guidelines in § 3E1.1 sets out some fairly objective criteria for courts to consider in deciding this issue.[2] The Government, it would seem, should for the most part have as much access to this information as the defendant. In this particular case, the Government contends that the defendant threatened one of its witnesses, and that this is evidence of lack of acceptance of responsibility. The Government is in as good a position to offer evidence on this as is the defendant. Therefore, the Court concludes that it is not unreasonable to place the burden of persuasion upon the

---

**1.** Appeals are authorized by 18 U.S.C. § 3742.

**2.** The commentary provides in part as follows:
   1. In determining whether a defendant qualifies for this provision, appropriate considerations include, but are not limited to, the following:
      (a) voluntary termination or withdrawal from criminal conduct or associations;
      (b) voluntary payment of restitution prior to adjudication of guilt;
      (c) voluntary and truthful admission to authorities of involvement in the offense and related conduct;
      (d) voluntary surrender to authorities promptly after commission of the offense;
      (e) voluntary assistance to authorities in the recovery of the fruits and instrumentalities of the offense;

      (f) voluntary resignation from the office or position held during the commission of the offense; and
      (g) the timeliness of the defendant's conduct in manifesting the acceptance of responsibility.

....
   3. A guilty plea may provide some evidence of the defendant's acceptance of responsibility. However, it does not, by itself, entitle a defendant to a reduced sentence under this section.
   4. An adjustment under this section is not warranted where a defendant perjures himself, suborns perjury, or otherwise obstructs the trial or the administration of justice (*see* § 3C1.1), regardless of other factors.

Government on the issue of acceptance of responsibility.

(b) *What is the standard of proof?*

 The defendant here contends that the standard of proof should be "clear and convincing." The Court rejects this contention and holds instead that the standard is "a preponderance of the evidence." This standard will fully satisfy due process. *McMillan v. Pennsylvania*, 477 U.S. at 91, 106 S.Ct. at 2419; *United States v. Lee*, 818 F.2d at 1057; *United States v. Silverman*, 692 F.Supp. 788, 791 (S.D.Ohio 1988).

SO ORDERED.