UNITED STATES of America, Plaintiff,

v.

Stephen Clyde LOVELL, Defendant.

Crim. No. 88–20171–TU.

United States District Court,
W.D. Tennessee, W.D.

July 7, 1989.

Timothy R. DiScenza, Asst. U.S. Atty., Memphis, Tenn., for plaintiff.

Leslie I. Ballin, Memphis, Tenn., for defendant.

## ORDER ON SENTENCING BURDENS

TURNER, District Judge.

Stephen Clyde Lovell entered a plea of guilty to Count One of the indictment against him in this case which charged that he willfully and knowingly possessed a firearm, that is, a Colt AR–15 .223 caliber machinegun, serial number SP191228, which had not been registered to him in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code, in violation of Title 26, United States Code, §§ 5861(d) and 5871.

A portion of the plea agreement in this case was that the government would move to dismiss Counts Two and Three of the indictment. Count Three charged that on or about October 9, 1987, the defendant had willfully and knowingly possessed four firearms, that is, four Sten MK–II machineguns, which had not been registered to him in the National Firearms Registration and Transfer Record as required by federal law. At the initial hearing set for sentencing in this matter, pursuant to information earlier conveyed to the United States Probation Office, the defendant vigorously asserts that he is entitled to a two offense level reduction under Guideline § 3E1.1 "Acceptance of Responsibility" which requires a determination that the "defendant clearly demonstrates a recognition and affirmative acceptance of personal responsibility for the offense of conviction."[1]

The defendant did not, however, dispute the facts relied upon by the United States Probation Office in determining that the defendant was not entitled to a two point offense level reduction for acceptance of responsibility. These facts include that on July 20, 1988, while under indictment for the present offense, the defendant purchased a Browning .22 caliber rifle and, in order to purchase that rifle, made a false statement on the Alcohol, Tobacco and Firearms Form, Firearms Transaction Record. The presentence report reveals the undisputed fact that the defendant stated that he was not under indictment for a crime punishable by imprisonment for a term exceeding one year at the time he filled out that ATF form, but that he knew when he was completing the ATF form that he indeed was under indictment for this particular charge.

In addition to the question concerning acceptance of responsibility, the defendant has disputed the Probation Office's determination that the defendant is not entitled to a 6 point offense level reduction under § 2K2.2(b)(3) of the Guidelines. This particular Section provides that: "If the defendant obtained or possessed the firearm solely for sport, recreation or collection, decrease by 6 levels." Among other facts submitted by the government in a hearing on this issue, it was proved that, as charged in Count Three, the defendant possessed the parts for four Sten MK–II machineguns which could, utilizing parts in defendant's possession, be converted to fully automatic use. The government also put on proof that the defendant was in possession of a large number of other guns, but there was no proof that the possession of those guns was illegal or otherwise wrongful. The defendant himself has come forward with substantial proof that he enjoys guns and has possessed guns as a collector and recreational user for most of his life. This, he asserts, was the reason for the possession of the Sten guns.

During the course of this hearing, the issue was raised as to which party has the

1. Although this case involves a charge that occurred on October 9, 1987, the plea agreement between the parties provided that the court would sentence the defendant in this case as if the United States Sentencing Commission Guidelines were applicable. For that reason, the issues in this case are being studied under the Sentencing Reform Act even though the crime occurred prior to the Act's date of application.

burden of proof concerning adjustments to the base offense level which results in a reduction of the base offense level. In this case, both instances of argued adjustment to the base offense level arise by virtue of the defendant's dispute with the application of facts contained in the presentence report or presented by the government during the sentencing hearing.

This court has had the benefit of the opinions of Chief Judge Allen Sharp of the United States District Court for the Northern District of Indiana in *United States v. Clark*, No. SCR 88–60(1) (N.D.Ind. May 10, 1989) (LEXIS, Genfed, Dist file), and Judge R. Allan Edgar of the United States District Court for the Eastern District of Tennessee in *United States v. Dolan*, 701 F.Supp. 138 (E.D.Tenn.1988). Judge Edgar held that the government has the burden of proof when it challenged presentence report recommendations of downward adjustment for acceptance of responsibility. Judge Sharp, on the other hand, concluded "that the burden should shift depending on the disputed factor at issue. It is clear to this court that the government should bear the burden of proof when showing that the defendant's base offense level should be increased." *Clark*, No. SCR 88–60(1), *supra* at 5. On the other hand,

> [h]aving the government carry the burden of proof in the context of decreasing the base offense level seems inappropriate.... The defendant's base offense level cannot be reduced under the Guidelines without proof that a factor exists which warrants such a reduction, e.g., acceptance of responsibility.... Surely, the government need not carry the burden of proving that the defendant's base offense level should not be decreased if there is no proof in the record warranting such a decrease. If evidence is submitted by the defendant warranting a decrease ... the government can then go forward with evidence disputing the same. But first there must be evidence warranting such a reduction and who is

better to offer this evidence than the defendant.

*Id.* at 5–6.

In short, Chief Judge Sharp concluded that when a reduction from the base offense level is being sought, the defendant bears the burden of proof.

The promulgation and implementation of the Guidelines *perhaps* does not change the general concept that some courts adopted with respect to pre-Guidelines sentencings that the ultimate burden of persuasion as to factors taken into account on sentencing should be borne by the United States since it is the government seeking to incarcerate the defendant. *See United States v. Restrepo*, 832 F.2d 146, 149 (11th Cir.1987); *United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir.1987).

However, the Guidelines clearly contemplate that certain base offense levels will be employed absent *affirmative* findings in individual cases that warrant an adjustment to the base offense level.

■ In cases such as this, i.e., the possession of a firearm that is required to be but is not registered in the National Firearms Registration and Transfer Record, the base offense level is 12. If the gun is used for recreation there are provisions for the decrease of that base offense level by 6, but before the base offense level can be decreased, the court must have some factual basis to affirmatively find that the gun was possessed solely for recreation. Initially, the potentiality of this issue may be raised by the United States Probation Office in its presentence report to the court. These facts and their application within the guidelines are generally accepted by the court unless one of the parties disputes them. Where a fact or facts are disputed by a party, the court should have some standard for determining what happens in the first instance if no proof is forthcoming on that issue, and then what happens in the event that the proof is evenly balanced and neither party has presented the preponderance of evidence.[2]

**2.** The question was not raised in this case as to the standard of proof necessary to sustain a finding under the Guidelines. As noted by

Chief Judge Sharp in *United States v. Clark,* the bulk of the authorities that have given consideration to this question adopt a preponderance of

■ Having studied the considerations of two esteemed colleagues, Judge Edgar and Judge Sharp, this court is convinced that where there is a dispute as to facts being taken into account by the court relative to an adjustment to the base offense level under the Guidelines, the party who desires to obtain an adjustment to the base offense level (the proponent) must bear the burden of coming forward with sufficient proof to establish a prima facie case that the adjustment is appropriate. Without such proof, there is no basis for the court to make an affirmative finding which is necessary to implement the adjustment being sought.[3]

■ At the point where the proponent of the adjustment has established a prima facie case warranting that adjustment, the burden shifts to the opposing party to come forward with rebuttal evidence. At that point, the issues are determined by a preponderance of the evidence and the resolution of the issues is clear-cut unless the evidence does not preponderate in favor of either party's position.

■ In the event that the evidence does not preponderate in favor of either of the positions of the parties, this court is of the opinion that the burden of persuasion must be placed upon the government for, as Judge Edgar pointed out with respect to the burden of proof on acceptance of responsibility, recent authority dealing with pre-Guidelines sentencing procedures concluded that the government should bear the burden of persuasion on all matters disputed in presentence investigation reports when those matters were relied upon by the sentencing judge. *United States v. Restrepo*, 832 F.2d 146, 149 (11th Cir.1987); *United States v. Lee*, 818 F.2d 1052, 1056 (2d Cir.1987). This court is therefore of the opinion that the burden of persuasion in a case where the evidence does not preponderate in favor of either side of an issue pertaining to adjustments to the base offense level must be borne by the government.

IT IS SO ORDERED.

---

evidence standard. Although not contested in this particular case, this court has adopted a preponderance of evidence standard with respect to evidentiary hearings held under the Guidelines.

**3.** By reference to proof, I do not of course refer to evidence that is necessarily admissible under the Federal Rules of Evidence because these Rules do not apply to sentencing hearings. "In resolving any reasonable dispute concerning a factor important to the sentencing determination, the court may consider relevant evidence without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy." *Sentencing Guidelines,* § 6A1.3(a). (*See* authorities cited thereunder).