**UNITED STATES of America, Plaintiff,**

v.

**Carl LIGON, Defendant.**

**Crim. No. CR 88–00013–01–P.**

United States District Court,
W.D. Kentucky,
Paducah Division.

Aug. 14, 1989.

Joseph M. Whittle, U.S.Atty., Randy Ream, Asst. U.S. Atty., Louisville, Ky., for plaintiff.

Larry G. Kelley, Wickliffe, Ky., for defendant.

## MEMORANDUM

SILER, Chief Judge.

This matter has come to this Court on appeal from a sentence by Magistrate John M. Dixon, Jr. The standards on appeal are set out in 18 U.S.C. § 3742(f), which provides that this appeal is governed by 18 U.S.C. § 3742. Then, this Court reviews the case like a United States Court of Appeals and follows subsection (d), which states that: "The court of appeals shall give due regard to the opportunity of the district court to judge the credibility of the witnesses, and shall accept the findings of fact of the district court unless they are clearly erroneous." Nonfactual or legal issues are not considered under the "clearly erroneous" standard, however.

The defendant was convicted on two counts of a violation of 16 U.S.C. § 668(a)[1], of taking or possessing a bald eagle by pursuing, shooting, shooting at, wounding, molesting or disturbing a bald eagle on two different dates. After a trial before the Magistrate, the defendant was found guilty on both counts. The defendant owns property adjacent to the Ballard County

---

1. 16 U.S.C. § 668(a) provides in part that: Whoever ... shall knowingly, or with wanton disregard to the consequences of his act take, possess, sell, purchase, barter, offer to sell, purchase or barter, transport, export or im-port, at any time or in any manner, any bald eagle ... shall be fined not more than $5,000.00 or imprisoned not more than one year or both: ...

Management Area. The defendant has pits for goose hunters on his property and allows hunters to use the property for fees. During January, 1988, the defendant was observed shooting at eagles over his property or in the vicinity of his property, as eagles prey upon wounded waterfowl. The defendant apparently did not want the eagles in the vicinity of his goose pits, as he felt that they scared the geese off his property.

■ The first issue which has been raised is whether the Magistrate should have given the defendant a two point credit for acceptance of responsibility under Section 3E1.1 of the Sentencing Commission Guidelines. The defendant was found guilty after a trial, in which he testified that he had received permission from Magistrate King to shoot at eagles and that he was shooting to scare away eagles from his goose pit. At the time of the sentencing hearing, the Magistrate heard from the Probation Officer, who recommended that the defendant be given credit for acceptance of responsibility. The Magistrate held that the prosecution had the burden of proof in the case and stated that it was a "sort of a toss up." Thus, both orally and in his written opinion, the Magistrate concluded that because the United States failed to meet its burden of proof, he accepted the statement by the Probation Officer that the defendant should receive a two point credit for acceptance of responsibility.

As the Sentencing Guidelines are new, cases interpreting the Guidelines are disseminated frequently, so the Magistrate cannot be blamed for not knowing about decisions issued subsequent to his ruling. In determining whether the Magistrate erred on the question of acceptance of responsibility, Section 3E1.1 of the Sentencing Commission Guidelines, Application Note 5, states:

> The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and

should not be disturbed unless it is without foundation.

Furthermore, the acceptance of responsibility for a crime is ordinarily a factual question, and enjoys the protection of the "clearly erroneous" standard. *United States v. Wilson*, 878 F.2d 921 (6th Cir. 1989), quoting *United States v. Thomas*, 870 F.2d 174, 176 (5th Cir.1989). However, the error was not in determining the credibility of the witnesses, but was in ruling that the United States had the burden of proof to show that the two point credit was inappropriate.

In a recent decision by Judge Wilkins, Chairman of the Sentencing Commission, in *United States v. Urrego–Linares*, 879 F.2d 1234 (4th Cir.1989), it was held that when the defendant wishes to lower his ultimate sentencing range, he has the burden of establishing by a preponderance of the evidence the applicability of the mitigating factor in question. Conversely, when the government seeks to enhance the sentencing range, it should bear the burden of proof. The Court of Appeals for the Sixth Circuit has apparently not ruled on this issue yet. However, two recent district court cases arrived at a contrary conclusion. *See United States v. Lovell*, 715 F.Supp. 854 (W.D.Tenn.1989); and *United States v. Dolan*, 701 F.Supp. 138 (E.D. Tenn.1988). As *Urrego–Linares* is the only case which has been rendered by a court of appeals on that point, this Court will follow it and finds that the Magistrate erred by not requiring the defendant to carry the burden of proof in showing acceptance of responsibility.

■ The second issue which has been raised is whether the conduct of the defendant at a time subsequent to his trial but before sentencing amounted to an obstruction of justice under Section 3C1.1 of the Guidelines. The United States maintains that not only should the defendant not have been given credit for the acceptance of responsibility, but that his sentence should have been enhanced by an increase of two points for obstruction.

According to Officer Littlejohn, when he came to the defendant's house before

checking some goose pits approximately two days before the sentencing hearing, the defendant threatened him with a lawsuit and also threatened to shoot him. This was at a time when Officer Littlejohn was there under authority to enforce the game laws. The defendant denied that he threatened to kill Littlejohn, but he admitted that he threatened to sue Littlejohn for perjury at the trial. In that situation, the Magistrate's finding that the government had the burden of proof was correct under the decisions of all the cases cited herein. The Magistrate did not make a specific finding of whether there was an obstruction of justice or whether there should have been a two point enhancement. However, as he failed to enhance the total offense level of four points, by implication he felt that enhancement was not appropriate and that the United States had not met its burden of proof on that question. This Court cannot hold that finding to be clearly erroneous, as it was a factual dispute. Therefore, the implied decision by the Magistrate not to enhance the total offense level with points for obstruction of justice will be upheld.

■ The Magistrate stated: "I don't think the determination that I make will affect the sentence which I consider to be appropriate anyway.... I'm going to tell everyone here that it doesn't have any particular effect on what the court would do in this particular case.... I really don't think it would have any effect on the sentence I would impose, notwithstanding the recommendation of the government." Because of these statements by the Magistrate, it would appear that the only issues raised on appeal are moot.

Had this Court upheld both issues raised by the United States, the offense level would have been raised from four to eight, changing the sentence from 0–4 months to 2–8 months. If the range had been 2–8 months, the Magistrate could still have put the defendant on probation, but the sentence would have required intermittent confinement or community confinement under Section 5B1.1(a)(2) of the Sentencing Commission Guidelines.

Nevertheless, as the Magistrate was upheld on the second issue raised, an error on the first issue (acceptance of responsibility) does not require a reversal for a new sentence, as the new range for sentencing is only 0–6 months vice 0–4 months. In light of the statements by the Magistrate at the time of sentencing, the decision shall be affirmed. As stated in *United States v. Bermingham*, 855 F.2d 925, 931 (2d Cir. 1988), "disputes about applicable guidelines need not be resolved where the sentence falls within either of two arguably applicable guideline ranges and the same sentence would have been imposed under either guideline range." *Accord, United States v. Urrego–Linares, supra; United States v. White*, 875 F.2d 427, 432 (4th Cir.1989). That is similar to the situation in this case, so a remand for further sentencing would be of no value.

The defendant has objected to the supplemental memorandum filed by the prosecution on June 13, 1989, more than twenty days after the transcript was filed in the record. However, the Court finds no prejudice to the defendant and will allow the memorandum to be considered.