**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Rodney KIRK, Defendant–Appellant.**

No. 89–3020.

United States Court of Appeals,
Tenth Circuit.

Jan. 22, 1990.

Michael L. Harris, Asst. Federal Public Defender and Charles D. Anderson, Federal Public Defender, Dist. of Kan., Kansas City, Kan., for defendant-appellant.

Julie A. Robinson, Asst. U.S. Atty., Benjamin L. Burgess, Jr., U.S. Atty. and Kurt J. Shermuk, Asst. U.S. Atty., Topeka, Kan., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, EBEL, Circuit Judge and KANE,* Senior District Judge.

KANE, Senior District Judge.

This appeal presents an issue of first impression for this court. Following his conviction based on a plea of guilty, Rodney Kirk contends his sentence for unlawful receipt of a sawed-off shotgun was improper under the Sentencing Guidelines. Specifically, Kirk claims he was entitled to a six-point reduction in the offense level upon which sentencing was based because he possessed the shotgun as part of a collection and intended to mount it on the wall of his den. See Guideline Section 2K2.1. His presentence report, however, recommended that this point reduction be denied. The report stated that Kirk had made no effort to mount the gun before it was seized and sawed-off shotguns have few legitimate uses. The court accepted the recommendation. Kirk contends the burden was improperly placed on him to establish that he was entitled to the point reduction.

■ The district court's application of the Sentencing Guidelines to the facts is entitled to due deference; however, the legal conclusions with respect to the guidelines are subject to de novo review. *United States v. Smith*, 888 F.2d 720, 723 (10th Cir.1989). Since the allocation of the burden of proof with respect to a guideline section is a legal issue, we review de novo.

Guideline Section 2K2.2, now renumbered as Section 2K2.1 as part of the recent amendments to the Guidelines, *see* United States Sentencing Commission, *Guidelines Manual*, App. C, amendment 189, provides that the defendant's base offense level for the unlawful receipt, possession or transportation of firearms should be decreased to a level six "[i]f the defendant obtained or possessed the firearm or ammunition solely for lawful sporting purposes or collection." U.S.S.G. § 2K2.1(b)(1). The application note to this section states that the

availability of this section should be determined by the surrounding circumstances. *Id.*, comment.(n. 2). "Relevant circumstances include, among others, the number and type of firearms (sawed-off shotguns, for example, have few legitimate uses) and ammunition, the location and circumstances of possession, the nature of the defendant's criminal history (e.g., whether involving firearms), and the extent to which possession was restricted by local laws." *Id.* Neither the guideline itself nor the application notes address which party bears the burden of proof as to the defendant's entitlement to a reduction under this section.

Kirk argues that in sentencing, as with other criminal matters, the government must bear the burden of proof on all issues. The government, on the other hand, says it should bear the burden of proof with respect to matters that would increase the sentence, and the defendant should bear the burden as to matters that would reduce the sentence.

Both parties to this appeal rely heavily on pre-guidelines cases. *E.g., McMillan v. Pennsylvania*, 477 U.S. 79, 91, 106 S.Ct. 2411, 2418, 91 L.Ed.2d 67 (1986) ("[s]entencing courts have traditionally heard evidence and found facts without any prescribed burden of proof at all"); *United States v. Lee*, 818 F.2d 1052 (2d Cir.) (government bears burden of proof on issue leading to increase in sentence), *cert. denied*, 484 U.S. 956, 108 S.Ct. 350, 98 L.Ed.2d 376 (1987); *United States v. Schell*, 692 F.2d 672 (10th Cir.1982) (dangerous special offender status must be shown by preponderance of the evidence). Kirk also cites *United States v. Dolan*, 701 F.Supp. 138 (E.D.Tenn.1988), one of the first post-guideline cases to rule on this issue. In *Dolan*, the court adhered to pre-guideline authority which it viewed as placing the burden of proof on the government to establish entitlement to an increase or decrease in a sentence. *Id.* at 139. Despite the holding in *Dolan*, the rule adopted by the several courts that have recently

* Honorable John L. Kane, Jr., United States Senior District Judge, District of Colorado, sitting by designation.

considered this issue is consistent with the government's position. In *United States v. Urrego–Linares*, 879 F.2d 1234 (4th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct. 346, 107 L.Ed.2d 334 (1989), the Fourth Circuit rejected the defendant's argument that due process required the government to bear the burden of proving the defendant should not receive any particular mitigating adjustment to his sentence.

Here, the guideline in question [for acceptance of responsibility] involved a potential decrease in the offense level which would have had the effect of lowering Urrego's ultimate sentencing range. In these circumstances, we hold that the defendant has the burden of establishing by a preponderance of the evidence the applicability of the mitigating factor in question. We therefore reject the position advanced by Urrego and expressed by the district court in *Dolan.* 879 F.2d at 1239. Several district courts have followed suit. *See United States v. Ligon*, 716 F.Supp. 1009, 1011 (W.D.Ky. 1989); *United States v. Clark*, No. SCR 88–60(1) (N.D.Ind. May 10, 1989) (unpublished decision available on Westlaw at 1989 WL 87116). Two other circuit courts have taken the *Urrego–Linares* position one step further, holding that the *defendant* bears the burden of proof to establish that a weapon was not connected to his drug offense so as to avoid a sentence enhancement. *See United States v. McGhee*, 882 F.2d 1095 (6th Cir.1989); *United States v. Restrepo*, 884 F.2d 1294 (9th Cir.1989).

In *United States v. Lovell*, 715 F.Supp. 854, 857 (W.D.Tenn.1989), the court took a slightly different approach to the burden of proof in a case involving reductions for acceptance of responsibility and for possession of a firearm for sport, recreation or collection.

[T]his court is convinced that where there is a dispute as to facts being taken into account by the court relative to an adjustment to the base offense level under the Guidelines, the party who desires to obtain an adjustment to the base offense level (the proponent) must bear the burden of coming forward with sufficient proof to establish a prima facie case that the adjustment is appropriate....

At the point where the proponent of the adjustment has established a prima facie case warranting that adjustment, the burden shifts to the opposing party to come forward with rebuttal evidence. At that point, the issues are determined by a preponderance of the evidence and the resolution of the issues is clear-cut unless the evidence does not preponderate in favor of either party's position.

In the event that the evidence does not preponderate in favor of either of the positions of the parties, this court is of the opinion that the burden of persuasion must be placed upon the government....

715 F.Supp. at 857. In placing the ultimate burden of persuasion on the government, *Lovell* tends to fall more with *Dolan* than the *Urrego–Linares* line of cases.

■ We adopt the *Urrego–Linares* rule. The government shall bear the burden of proof for sentence increases and the defendant shall bear the burden of proof for sentence decreases. This rule requires neither party to prove the negative of a proposition. We do not believe the additional language in *Lovell, supra,* concerning evidence which does not preponderate is helpful. Evidence which does not preponderate or is in equipoise simply fails to meet the required burden of proof.

■ Here the sentencing judge properly required Kirk to prove by a preponderance of evidence that he was entitled to a point reduction because the sawed-off shotgun was part of a collection. He failed to do so. The evidence showed that although Kirk had a gun collection, sawed-off shotguns are not ordinarily considered collectibles, nor the type of gun one would mount for decoration. Moreover the gun was found concealed in the drawer of a cabinet and Kirk had made no effort to mount it.

The decision of the trial court is affirmed.