James Degiacomo and Susan Baronoff, Boston, Mass., for Cletus Thomas.

**UNITED STATES of America**

v.

**Cletus THOMAS.**

**Cr. No. 90–10038–T.**

United States District Court, D. Massachusetts.

Nov. 29, 1990.

### MEMORANDUM

TAURO, District Judge.

Defendant Cletus Thomas ("Thomas") plead guilty to one count of conspiracy, in violation of 21 U.S.C. § 846, and ten counts of receipt of commissions or gifts for procuring loans, in violation of 18 U.S.C. § 215. In doing so, Thomas acknowledged that, while he was Vice President of Commercial Lending at the Rockland Federal Credit Union, he accepted payments from his co-defendant, Joseph Provanzano, as a reward for approving loans to applicants referred to him by Mr. Provanzano.

At sentencing, the government recommended that this court impose a two level upward adjustment for abuse of trust, pursuant to Section 3B1.3 of the United States Sentencing Guidelines. This court declined

---

to follow that recommendation, and found instead that there was no abuse of trust warranting the suggested upward adjustment.

Title 18, section 215 of the United States Code criminalizes the acceptance of anything of value by an officer or employee of a financial institution, from any person, with the intent "to be influenced *or rewarded* in connection with any business or transaction of such institution" (emphasis added). In entering his plea, Thomas admitted accepting a *reward* for making loans, but specifically denied that the payments in any way influenced his lending decisions. *See* Transcript of August 27, 1990 Hearing at 13. At a later hearing, in response to this court's suggestion that an evidentiary hearing would be necessary to determine whether the money received by Thomas were a reward or a bribe, the government eschewed any need for further proceedings. The Assistant United States Attorney stated:

> Under the statute, there is an "or" between reward and influence. If Mr. Thomas pled guilty to accepting bribes as reward [sic] or to be influenced, it satisfies the statute. We do not believe there is a necessity for a mini trial or an evidentiary hearing.

Transcript of October 23, 1990 Hearing at 5.

The burden of proof on enhancement lies with the government. *United States v. Khang*, 904 F.2d 1219, 1222 (8th Cir.1990); *United States v. Kirk*, 894 F.2d 1162, 1163–64 (10th Cir.1990); *United States v. McDowell*, 888 F.2d 285, 291 (3rd Cir.1989). Based on Thomas's precise plea and the government's decision not to contest factually his repeated assertion that the payments were a reward for loans made on the merits, this court finds that Thomas's loan decisions were not improperly influenced.

The remaining question is whether Thomas's conduct amounted to an abuse of trust warranting an upward adjustment. It is undisputed that Thomas occupied a position of trust with the bank. But, although Thomas violated the law by accept-

ing gratuities, he did not violate the trust which the bank placed in him when he made his loan decisions. In that respect, this case differs from both *United States v. McMillen*, 917 F.2d 773 (3rd Cir.1990), and *United States v. McElroy*, 910 F.2d 1016 (2d Cir.1990), where the Third Circuit and Second Circuit each reversed district court findings that bank executives who willfully misapplied funds for their own benefit did not abuse a position of private trust. In *McMillen*, the defendant indisputably abused the trust that the bank had placed in him not to divert funds to his own account. 917 F.2d 773. Similarly, the defendants in *McElroy* abused their positions as bank officers by arranging for loans to each other that otherwise would not have been approved. 910 F.2d at 1019–20, 1027–28. Thomas, on the other hand, did not process loan applications any differently than he would have otherwise.

For these reasons, this court determines that Thomas's conduct did not constitute an abuse of trust warranting enhancement of his sentence by two levels, pursuant to Section 3B1.3 of the Guidelines.