924 F.2d 1059
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kevin JORDAN, Defendant-Appellant.
 No. 90-3134.
 United States Court of Appeals, Sixth Circuit.
 Feb. 1, 1991.
 
 Before MILBURN and RALPH B. GUY, Jr., Circuit Judges, and BAILEY BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Kevin Jordan appeals the sentence imposed by the district court following his guilty plea. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a). In addition, counsel for all parties have waived oral argument in this case.
 
 
 2
 Pursuant to a plea agreement, Jordan pleaded guilty to one count of conspiracy to possess cocaine and cocaine base with intent to distribute in violation of 21 U.S.C. Sec. 846. He received a sentence of sixty-three months incarceration and four years supervised release.
 
 
 3
 Jordan has filed a timely appeal challenging the sentence imposed by the district court. He asserts that the district court erred: (1) by considering his juvenile convictions in calculating his criminal history category; and (2) by refusing to depart downward from the sentencing guideline range because his juvenile misbehavior significantly overstates the seriousness of his criminal history category.
 
 
 4
 Upon review, we affirm the district court's judgment for the reasons stated in the district court's judgment and sentence dated February 1, 1990. A review of the record indicates that the district court properly applied the sentencing guidelines.
 
 
 5
 The district court did not err in considering Jordan's prior juvenile convictions at sentencing. United States v. Hanley, 906 F.2d 1116, 1119-20 (6th Cir.), cert. denied, 111 S.Ct. 357 (1990); United States v. Kirby, 893 F.2d 867, 868 (6th Cir.1990) (per curiam). Moreover, Jordan's contentions regarding his criminal history category need not be resolved on appeal. See United States v. Bermingham, 855 F.2d 925, 931 (2d Cir.1988); United States v. Ligon, 716 F.Supp. 1009, 1012 (W.D.Kentucky 1989). The sentence imposed by the district court applies regardless of whether Jordan was sentenced under either criminal history category I or category III. Moreover, the district court explicitly stated it would impose the same sentence under either criminal history category. Finally, Jordan's arguments challenging the district court's decision not to depart downward are simply not reviewable on appeal. See United States v. Denardi, 892 F.2d 269, 271-72 (3d Cir.1989); United States v. Tucker, 892 F.2d 8, 10-11 (1st Cir.1989); United States v. Draper, 888 F.2d 1100, 1105 (6th Cir.1989).
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.