943 F.2d 58
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Fermin AUSTIN, Defendant-Appellant.
 No. 90-2098.
 United States Court of Appeals, Tenth Circuit.
 Sept. 4, 1991.
 
 1
 Before JOHN P. MOORE and BRORBY, Circuit Judges, and VAN BEBBER, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 VAN BEBBER, District Judge.
 
 
 4
 Defendant Fermin Austin pled guilty on March 2, 1990, to a one-count indictment charging him with possession of an unregistered firearm. 26 U.S.C. §§ 5861(d) and 5871. He was sentenced on May 22, 1990, to a term of twenty-one months imprisonment to be followed by three years of supervised release. He appeals that sentence. We find no error in the sentence imposed, and affirm.
 
 
 5
 Prior to sentencing the probation officer had calculated Austin's base offense level in the presentence report at 16, pursuant to § 2K2.1(a)(1) of the United States Sentencing Commission Guidelines Manual (U.S.S.G.) (Nov. 1989). That section of the guidelines manual provides that offenses involving firearms be given a base offense level of 16. At the sentencing hearing defendant contended that the offense level should have been set at six pursuant to U.S.S.G. § 2K2.1(b)(1) because the intended use of the firearm in question was solely for lawful sporting purposes or collection. The sentencing court denied Austin's claim that the offense level should be reduced to six, and imposed sentence accordingly.
 
 
 6
 On December 18, 1989, defendant was involved in a motor vehicle accident on Interstate 10 East in Dona Ana County, New Mexico. During the course of the accident investigation, New Mexico State Police Officer Norman Rhoades retrieved three firearms from Austin's pick-up truck at the scene of the accident. One of the guns was a sawed-off shotgun which defendant reportedly said had been modified in order to facilitate placing it underneath the seat of his truck. The next day a computer criminal history check revealed that defendant had prior felony convictions in the State of Texas. He was then arrested and three more firearms were found in his truck. None of the six firearms recovered were registered either to Austin or to anyone else. Defendant claims that the guns belonged to his brother, Lemuel Austin, in Denver City, Texas, and that defendant was only delivering the guns to his brother for his brother's collection. At the sentencing hearing, defendant denied having told the officers that he was the one who had sawed off the shotgun.
 
 
 7
 As stated above, defendant's base offense level was calculated at level 16 pursuant to U.S.S.G. § 2K2.1(a)(1) (base offense level for unlawful receipt, possession, or transportation of firearms or ammunition). The court decreased this level by two levels for defendant's acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. Austin was assigned a criminal history category of III. The guideline sentencing range was 21 to 27 months. Defendant was sentenced to 21 months. (R.Vol. II at 36.)
 
 
 8
 The sole issue on appeal is whether the sentencing court should have reduced defendant's offense level to level six by applying U.S.S.G. § 2K2.1(b)(1). In reviewing the sentence imposed, the district court's application of the sentencing guidelines to the facts is entitled to due deference; however, legal conclusions with respect to the guidelines are subject to de novo review. United States v. Smith, 888 F.2d 720, 723 (10th Cir.1989). Finally, the defendant bears the burden of proof as to his entitlement to a sentencing reduction. United States v. Kirk, 894 F.2d 1162, 1163 (10th Cir.1990).
 
 
 9
 Austin argues that because he was only transporting the guns to his brother whose intended use was to make the gun part of his gun collection, he is entitled to a reduced offense level of six pursuant to U.S.S.G. § 2K2.1(b)(1). Section 2K2.1(b)(1) provides as follows:
 
 
 10
 (b) Specific Offense Characteristics
 
 
 11
 (1) If the defendant obtained or possessed the firearm or ammunition solely for lawful sporting purposes or collection, decrease the offense level determined above to level 6.
 
 
 12
 Under section 2K2.1(b)(1), a defendant's "actual or intended use of the firearm is probably the most important factor in determining the sentence." Section 2K2.1, Background. Whether an intended lawful use exists is to be determined by the surrounding circumstances. Id., Application Note 2. Since Austin was only a bailee and had no purpose of his own for the gun, he contends that he should be placed in his brother's shoes for the purpose of determining his particular specific offense characteristic.
 
 
 13
 However, at the sentencing hearing, the trial court stated as its basis for rejecting the requested decrease that:
 
 
 14
 I don't care whether the guns belonged to the brother or to the defendant. It's a sawed-off shotgun, and to say that that is intended for use as a sporting weapon or other legitimate use as collection, I just do not believe that for a minute. So I think there is no room for reducing the offense level.
 
 
 15
 As I say it doesn't make any difference to me whether the weapon belonged to the brother or to the defendant. The same result, as far as I would be concerned. The reduction would not apply. (R.Vol. II at 34.)
 
 
 16
 In Kirk, we affirmed the trial court's refusal to reduce the defendant's offense level pursuant to section 2K2.1(b)(1) because the trial court found that sawed-off shotguns are not ordinarily considered collectibles, nor the type of gun one would mount for decoration. Kirk, 894 F.2d at 1164. Furthermore, the application note to section 2K2.1(b)(1) states that "sawed-off shotguns, for example, have few legitimate uses." Section 2K2.1, Application Note 2. While we do not decide whether or not it would ever be lawful for someone to have a sawed-off shotgun in a collection, we conclude, based on the above standards, that the sentencing court's findings are not clearly erroneous. Defendant's sentence as imposed is affirmed.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable G.T. Van BEBBER, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for the purposes of establishing the doctrines of law of the case, res judicata or collateral estoppel. 10th Cir.R. 36.3