**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1998**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TERRY LEE WYATT,

    Defendant - Appellant.

No. 98-3191

(97-CR-40083-RDR)

(D. Kan.)

**ORDER AND JUDGMENT**[*]

Before **ANDERSON**, **McKAY**, and **LUCERO**, Circuit Judges.

    After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

    After a jury trial, Defendant was convicted in the United States District Court for the District of Kansas of two counts of bank fraud in violation of 18 U.S.C. § 1344 and eleven counts of possessing and uttering a counterfeited and

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

forged security in violation of 18 U.S.C. § 513(a). The court sentenced Defendant to fifty-one months' imprisonment on each count, to be served concurrently, and terms of supervised release. Included in this sentence was an upward departure of two levels. The court imposed this departure because it found that Defendant's actual criminal history was not adequately represented by the criminal history category. Defendant appeals only his sentence. We exercise jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

Defendant first argues that the district court erred in imposing an upward departure to his sentence based on his criminal history. Specifically, he asserts that the court erred in finding "that the criminal history category does not adequately reflect the seriousness of the Defendant's past criminal conduct or the likelihood that the Defendant will commit other crimes." R., Vol. 2 at 9. Defendant claims that the upward departure was based on "minor traffic infractions and other convictions for crimes that were neither violent nor substantially similar" to those for which he was sentenced in the instant case. Appellant's Opening Br. at 9. He also contends that "the district court did not articulate reasonable factors in deciding to depart upward." Id. at 10. Our review of a sentencing court's upward departure involves three steps. We review de novo "whether the circumstances cited by the district court warrant departure." United States v. Flinn, 987 F.2d 1497, 1500 (10th Cir. 1993). However, we will

disturb the factual findings underlying the district court's decision to depart from the United States Sentencing Guidelines only if they are clearly erroneous. See id. We also must conduct a "reasonableness review of the degree of departure." Id. (citing United States v. White, 893 F.2d 276, 278 (10th Cir. 1990)). The Government bears the burden of establishing that an upward departure is warranted. See United States v. Kirk, 894 F.2d 1162, 1164 (10th Cir. 1990).

In calculating Defendant's sentence, the court first determined that he had a criminal history category of VI. The court then agreed with the presentence report and decided that, pursuant to section 4A1.3 of the sentencing guidelines, an upward departure was appropriate because Defendant's criminal history category did not adequately reflect his "lengthy and serious criminal history and the likelihood that he will commit other crimes."[1] R., Vol. 1, Doc. 52 at 6.

---

[1]Section 4A1.3 of the sentencing guidelines allows a court to impose a departure from the recommended guideline range "[i]f reliable information indicates that the criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3. The information justifying a departure may include the following:

    (a)    prior sentence(s) not used in computing the criminal history category (e.g. sentences for foreign and tribal offenses);

    (b)    prior sentence(s) of substantially more than one year imposed as a result of independent crimes committed on different occasions;

    (c)    prior similar misconduct established by a civil adjudication or by a failure to comply with an administrative order;

    (d)    whether the defendant was pending trial or sentencing on another

(continued...)

Explaining its decision, the court noted that Defendant was only thirty-six years old at the time of his sentencing, and yet he already had over twelve convictions. See id. The court also stated that Defendant "ha[d] been engaged in the pursuit of criminal activities since he was 18" and "[h]is records show no gainful employment during his adult years." Id. When a defendant's criminal history category is VI, section 4A1.3 of the guidelines recommends structuring the departure "by moving incrementally down the sentencing table to the next higher offense level in Criminal History Category VI until it finds a guideline range appropriate to the case." U.S.S.G. § 4A1.3. Following this procedure, the district court imposed an upward departure of two offense levels to a guideline range of 41 to 51 months from a range of 33 to 41 months.

Although Defendant contends that his lengthy list of prior arrests and convictions consists solely of "minor traffic infractions" and other, dissimilar offenses, we note that a number of Defendant's prior offenses involved terms of probation in excess of one year and at least one of his offenses involved some degree of violence. In addition, approximately seven of Defendant's prior

---

[1](...continued)
           charge at the time of the instant offense;
(e)     prior similar adult criminal conduct not resulting in a criminal
           conviction.

See U.S.S.G. § 4A1.3(a)-(e).

offenses involved theft, embezzlement, and other types of fraudulent behavior, which are sufficiently similar to the offenses for which he received a sentence in this case to justify an upward departure pursuant to U.S.S.G. § 4A1.3. We also note that Defendant previously has violated his probation eight times. Under these circumstances, we conclude that the district court's decision to impose an upward departure was both proper and consistent with the criteria articulated in the guidelines. We also conclude that the articulated reasons for the departure and the degree of departure imposed by the district court were reasonable in light of Defendant's extensive criminal history.

Defendant's second argument is that the court erred by failing to give him notice that it intended to make an upward departure prior to the sentencing hearing as required by 18 U.S.C. § 3553(d). As a result, Defendant claims that he was unable to prepare an adequate objection to the departure. Defendant's argument is without merit. First, contrary to Defendant's assertion, 18 U.S.C. § 3553(d) does not require courts to notify defendants of their intent to depart upward from a recommended sentencing range. Section 3553(d) only applies to situations in which the court intends to impose an order of notice[2] pursuant to section 3555. This situation has not occurred here and, accordingly, the notice

---

[2]An order of notice requires "the defendant [to] give reasonable notice and explanation of the conviction, in such form as the court may approve, to the victims of the offense." 18 U.S.C. § 3555.

requirement is inapplicable. Second, although "[i]t is indisputable that a defendant is entitled to reasonable notice of the grounds for potential upward departure before sentencing," United States v. Ewing, 129 F.3d 430, 436-37 (7th Cir. 1997), it is equally indisputable that Defendant received sufficient notice in this case. See id. (stating that presentence report's list of factors that may warrant upward departure constitutes adequate notice). The presentence report in this case specifically identifies Defendant's criminal history as a possible ground for an upward departure. See R., Vol. 3 at 24. Moreover, Defendant objected to an upward departure on this basis in the objections to the presentence report that he submitted to the court. He also had the opportunity to object, and did so, at the sentencing hearing. The United States Supreme Court has stated that a sentencing court need only give notice of its intent to make upward departures "on a ground not identified as a ground for upward departure either in the presentence report or in a prehearing submission by the Government." Burns v. United States, 501 U.S. 129, 138 (1991); see also United States v. Burdex, 100 F.3d 882, 885 (10th Cir. 1996) (recognizing the well-settled proposition in Burns that a sentencing court must provide notice before departing upward on a ground not identified in the presentence report), cert. denied, __ U.S. __, 117 S. Ct. 1283 (1997). Because the ground for departing upward was identified in the presentence report, the court did not err in not providing additional notice to Defendant. For these reasons,

-6-

Defendant cannot complain that the district court failed to provide him with notice of the possibility of an upward departure.

We **AFFIRM** the sentence imposed by the district court.

Entered for the Court


Monroe G. McKay
Circuit Judge