**UNITED STATES of America, Plaintiff,**

v.

**Terry Lee WYATT, Defendant.**

**Nos. 97–40083–01, 99–3233–RDR.**

United States District Court, D. Kansas.

Sept. 9, 1999.

David J. Phillips, Office of Federal Public Defender, Topeka, KS, for defendant.

Gregory G. Hough, Office of United States Attorney, Topeka, KS, for U.S.

## MEMORANDUM AND ORDER

ROGERS, District Judge.

This matter is presently before the court upon defendant's motion to vacate, set

aside or correct sentence pursuant to 28 U.S.C. § 2255. In this motion, defendant contends that the court erred in several respects concerning his sentencing. Having carefully reviewed the files in this case, the court is now prepared to rule.

On February 23, 1998, a jury found the defendant guilty of all counts in the indictment. The defendant was convicted of two counts of bank fraud in violation of 18 U.S.C. § 1344 and eleven counts of possessing and uttering counterfeited or forged securities in violation of 18 U.S.C. § 513(a). On June 11, 1998, the court sentenced the defendant. The defendant had raised a variety of objections to the presentence report. During the sentencing hearing, the court ruled on these objections. The court sentenced the defendant to fifty-one months imprisonment on each count, to be served concurrently. Included in the sentence was an upward departure of two levels. The court determined that this departure was necessary because the defendant's criminal history was not adequately represented by his criminal history category. The court also sentenced the defendant to a term of supervised release of five years on the bank fraud convictions and three years on the other convictions with all to be served concurrently. The defendant appealed only the upward departure aspect of his sentence. His sentence was affirmed on appeal. *United States v. Wyatt,* 166 F.3d 350, 1998 WL 849822 (10th Cir.1998).

In the instant motion, the defendant contends that the court erred in assessing his criminal history category and in imposing a term of five years of supervised release. He further asks for a stay of the order for payment of restitution while he is incarcerated.

■ An evidentiary hearing must be held on a § 2255 motion "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The court finds that the instant motion can be decided on the materials already in the record. Accordingly, we find no need for an evidentiary hearing or a response from the government.

■ Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal. *United States v. Cook,* 45 F.3d 388, 392 (10th Cir.1995). Consequently, a defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error. *Id.* None of the claims now raised by the defendant were presented on direct appeal. The defendant has provided no cause for his failure to do so. Accordingly, the court finds that the defendant's motion must be denied because we are barred from considering any of his claims.

■ Even if the court were to consider the claims raised by the defendant, we would conclude that they lack merit. In order to obtain relief under § 2255 on the basis of constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the verdict. *Brecht v. Abrahamson,* 507 U.S. 619, 637–38, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In order to obtain relief on the basis of nonconstitutional error, the petitioner must show a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. *Reed v. Farley,* 512 U.S. 339, 353–354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). The defendant has raised only nonconstitutional errors, and he has failed in his burden to demonstrate any error.

■ The court shall briefly review the defendant's claims so that we can show their lack of merit. The defendant initially

argues that the offense noted in paragraph 56 of the presentence report was improperly assessed three criminal history points because it was outside the fifteen-year time limit of U.S.S.G. § 4A1.2(e)(1). The defendant, however, failed to properly determine the applicable date for consideration of this conviction. The defendant is correct that he was convicted of this offense over fifteen years prior to the instant offense. However, his probation for this offense was revoked in 1986 and he was sentenced to a sixteen-month period of incarceration. This period of incarceration placed him within the fifteen-year time period and required that this offense be assessed three criminal history points. *See* U.S.S.G. § 4A1.2(k)(2)(B) [when determining the applicable time period for offenses that are counted under § 4A1.2(e)(1), use the last date of incarceration when the term of imprisonment totals more than one year and one month].

▇ The defendant next contends that if the offense in paragraph 56 has been accurately calculated, then there is a "double counting" issue concerning the offenses in paragraphs 60, 67 and 68 of the presentence report. He suggests that these offenses were consolidated or were related because he received concurrent sentences from the court regarding these matters. Again, the defendant has overlooked various provisions of the sentencing guidelines. The record fails to show that these offenses were consolidated for sentencing purposes. *See United States v. Villarreal,* 960 F.2d 117, 119 n. 4 (10th Cir.) (" 'Consolidation for sentencing' does not arise from the occurrence of sentencing to concurrent sentences."), *cert. denied,* 506 U.S. 856, 113 S.Ct. 166, 121 L.Ed.2d 114 (1992). Rather, the record shows that the defendant was simply sentenced at the same time in the interests of judicial economy. Moreover, the offenses were not related since each offense is separated by an intervening arrest. *See* U.S.S.G. § 4A1.2 (com-

ment., n. 3); *United States v. Coleman,* 9 F.3d 1480, 1486 (10th Cir.1993).

▇ The defendant next argues that the offenses noted in paragraphs 61, 62 and 69 should not have been assigned one criminal history point because they are misdemeanor offenses. Again, this argument has no merit even if the defendant is correct that these offenses are misdemeanors. As a general rule, misdemeanor offenses are counted. *See* U.S.S.G. § 4A1.2(c). The offense noted in paragraph 62, reckless driving, is counted because the term of probation imposed was in excess of one year. *See* U.S.S.G. § 4A1.2(c)(1)(A). The other offenses, possession of marijuana and possession of drug paraphernalia, are counted because they qualify as criminal offenses under state law and are not precluded by the guidelines. *See* U.S.S.G. § 4A1.2(c).

The defendant next contends that the offense noted in paragraph 63 should not have been assessed one point because it is a "minor traffic violation." Once again, the defendant has failed to consider the appropriate sentencing guidelines. In paragraph 63, the presentence report notes that the defendant was found guilty of driving under suspension and a faulty license plate lamp in a California court in 1988. He was sentenced to two years probation. He was properly assessed one point because his conviction for driving under suspension resulted in a sentence of probation in excess of one year. *See* U.S.S.G. § 4A1.2(c)(1)(A).

▇ The defendant has also suggested that the court improperly sentenced him to a term of supervised release of five years. This argument is frivolous. For his convictions for bank fraud in violation of 18 U.S.C. § 1344, the statutory maximum for supervised release was five years, 18 U.S.C. § 3583(b)(1), and the guideline range was two to five years, U.S.S.G. § 5D1.2(a)(2). The court sentenced the

defendant to the top of the guidelines after considering the nature of the instant offenses and the defendant's personal history and characteristics. A five-year term of supervised release was a proper and appropriate sentence.

 Finally, the defendant seeks a stay of the order for payment of restitution while he is incarcerated. The court does not believe that we have any authority at this point to grant this request but, even if we did, we would deny it. The court is not persuaded by any of the defendant's arguments.

In sum, the court shall deny the defendant's motion because we are barred from considering any of his claims. Even if we were to consider the substance of his motion, we would deny it because it lacks merit.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. # 66) be hereby denied.

**IT IS SO ORDERED.**