**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**August 19, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

　　　　Plaintiff-Appellee,

v.

CHARLES EDWARD RAIFSNIDER,

　　　　Defendant-Appellant.

No. 04-1411

District of Colorado

(D.C. No. 03-CR-403-B)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **HARTZ**, and **McCONNELL**, Circuit Judges.

---

Charles Edward Raifsnider pled guilty to armed bank robbery, possession of a firearm during the commission of a crime of violence, and possession of a firearm by a previously convicted felon. On appeal, Mr. Raifsnider's counsel

---

[*]After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

filed a motion to withdraw pursuant to the Supreme Court's decision in *Anders v. California*, 386 U.S. 738 (1967). For the reasons set out below, we grant counsel's motion to withdraw and dismiss the appeal.

**Factual and Procedural Background**

On June 3, 2003, a Bank One in Thornton, Colorado was robbed by a white male with a gun. On June 12, 2003, a Bank One in Highlands Ranch, Colorado was robbed, again by a white male brandishing a gun. Mr. Raifsnider, suspected of other armed robberies, was taken into custody in July. He admitted to both Bank One robberies. He pled guilty to armed bank robbery under 18 U.S.C. § 2113(a) and (d), possession of a firearm during the commission of a crime of violence under 18 U.S.C.§ 924(c), and felon in possession of a firearm under 18 U.S.C. § 922(g)(1). For the armed bank robbery and felon in possession counts, the pre-sentence report ("PSR") recommended an adjusted offense level of 26 and a three-point reduction for acceptance of responsibility, for a total offense level of 23. The PSR also calculated eight criminal history points, placing Mr. Raifsnider in criminal history category IV. This resulted in a recommended Guidelines range of 70 to 87 months. The district court sentenced Mr. Raifsnider to 70 months. For possessing a firearm during the commission of a crime of violence, the district court sentenced Mr. Raifsnider to an additional 60 months, bringing the total sentence to 130 months. He also received five years of

supervised release. During the sentencing hearing, Mr. Raifsnider objected to the calculation of his criminal history score.

On appeal, Mr. Raifsnider's counsel requested to withdraw from Mr. Raifsnider's case pursuant to *Anders,* stating that after a conscientious examination of the record, he was "unable to find any arguable support for [Mr. Raifsnider's] requested appeal." Brief of Appellant's Counsel at 11. Counsel furnished a copy to Mr. Raifsnider, who responded with a letter requesting appointment of a new attorney because his criminal history had been miscalculated.

## Standard of Review

*Anders* holds that if counsel finds his client's appeal to be wholly frivolous upon conscientious examination, he may advise the court and request permission to withdraw. 386 U.S. at 744. The request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id*. The defendant must receive a copy of the brief and be given time to raise any points he chooses. *Id*. The court then fully examines the record and decides whether the case is wholly frivolous. *Id*. If it so finds, the court may grant counsel's request to withdraw and dismiss the appeal. *Id*.

We review the district court's factual findings supporting Mr. Raifsnider's criminal history score for clear error. *United States v. Torres*, 53 F.3d 1129, 1142

-3-

(10th Cir. 1995). A finding of fact is clearly erroneous "only if it is without factual support in the record, or if after reviewing all the evidence we are left with the definite and firm conviction that a mistake has been made." *United States v. Yates*, 58 F.3d 542, 549 (10th Cir. 1995) (internal quotations omitted).

**Discussion**

Mr. Raifsnider claims that the district court erroneously calculated his criminal history score because (1) it added two points for a crime for which he claims he served less than sixty days and (2) it added one point for a misdemeanor he committed more than five years ago when he was seventeen years old. We find that these claims do not amount to a clearly erroneous calculation of Mr. Raifsnider's criminal history.

First, Mr. Raifsnider claims that two points should not be added to his criminal history score because he served less than sixty days for a misdemeanor assault in 1997. However, the probation officer submitted evidence that Mr. Raifsnider was not released early from that conviction. Under the Guidelines, if a defendant was previously convicted and sentenced to at least sixty days, two points are added to his criminal history score. *See* U.S. Sentencing Guidelines Manual § 4A1.1(b) (2003). If the sentence was less than sixty days, one point is added. *Id*. § 4A1.1(c). The government has the burden of proving a prior conviction by a preponderance of the evidence. *See United States v. Kirk*, 894

F.2d 1162, 1164 (10th Cir. 1990). We find the government met its burden of proving that Mr. Raifsnider served at least sixty days for the 1997 conviction. First, we have held that "[a]s an Officer of the Court, the Probation Officer may be considered as being a reliable source." *United States v. Hershberger*, 962 F.2d 1548, 1555 (10th Cir. 1992). In response to Mr. Raifsnider's objections, the probation officer submitted court records verifying Mr. Raifsnider's sixty-day sentence in 1997. Furthermore, during the sentencing hearing, Mr. Raifsnider's counsel conceded that although his client believed otherwise, the probation officer "checked with the Sarasota, Florida, authorities, jail, and their records indicate he was not released on bond." R. Vol. II at 3. Counsel further stated that he "trust[ed] [the probation officer's] adjustment." *Id.* Given the conflicting evidence—Mr. Raifsnider's uncorroborated recollection of how much time he served for a Florida misdemeanor seven years earlier, and the probation officer's documented position that he had served at least sixty days—we cannot say that the district court clearly erred in resolving the factual dispute against Mr. Raifsnider and adding two criminal history points.

Second, Mr. Raifsnider contests the addition of one criminal history point for a 1995 conviction as an adult because he committed the crime when he was actually seventeen. We agree with Mr. Raifsnider that the district court erroneously added one point for this conviction. The record shows that Mr.

Raifsnider was born in 1978 and committed the crime when he was seventeen. Confusion arises from the fact that he was charged as an adult and his date of birth was listed as 1977, a fact which he apparently did not contest at the time of the conviction. However, under U.S.S.G. § 4A1.2(d)(2)(B), offenses committed when the defendant was under the age of eighteen and served less than sixty days are given one criminal history point "for each adult or juvenile sentence imposed within five years of the defendant's commencement of the instant offense." *See* U.S. Sentencing Guidelines Manual § 4A1.2(d)(2)(B) (2003). Because Mr. Raifsnider was convicted of the misdemeanor more than five years ago (1995), served only four days, and was under the age of eighteen, the district court erroneously added a point to his criminal history score.

However, this error was harmless. According Federal Rule of Criminal Procedure 32, "at sentencing, the court . . . must, for any disputed portion of the presentence report . . . rule on the dispute or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). In this case, the district court correctly found that the controverted matter, the extra point, did not "make[] a difference in the overall criminal history level, because . . . it would . . . still be a Level IV." R. Vol. II at 3. That is, regardless of whether Mr. Raifsnider has seven or eight criminal history points, he still falls

-6-

within criminal history category IV. Thus, although the district court erred in applying the additional point to Mr. Raifsnider's criminal history score, it did not affect his ultimate sentence and was therefore harmless. *See United States v. Jeppeson*, 333 F.3d 1180, 1182 n. 2 (10th Cir. 2003) (holding that an error not resulting in a different Guidelines range was harmless).

After carefully reviewing the record, we hold that Mr. Raifsnider has no non-frivolous issues to appeal. Counsel may withdraw from Mr. Raifsnider's case, and we **DISMISS** the appeal.

Entered for the Court,

Michael W. McConnell
Circuit Judge